## SANDERS vs THORNTON.

Opinion delivered January 12, 1899.

1. *Sale of Indian Lands to Non-Citizen Does Not Create Relation of Landlord and Tenant—Unlawful Detainer.*

Defendant, a citizen of the United States, purchased the land in controversy from one Posey Gibson, a citizen of the Cherokee

Nation. The land was·conveyed to plaintiff with the under-
standing that plaintiff was to hold the land in trust for the
defendant or such person as defendant might designate. *Held*,
That regardless of whether defendant's title was void, and
whether plaintiff had any valid title, the relation of landlord
and tenant did not exist and plaintiff could not maintain an
action of unlawful detainer against defendant.

2.  *Unlawful Detainer—Burden to Show Relation of Landlord and
    Tenant.*

    In an action of unlawful detainer, the burden is on plaintiff to
    show that defendant entered said premises as a tenant of
    plaintiff and that his time has expired.

3.  *Conveyance of Indian Lands in Trust—Ownership.*

    T., a citizen of the United States resident in the Cherokee
    nation, paid G., a citizen thereof for the improvements on a
    tract of land therein, and at the direction of T. conveyed same
    to S., a citizen of the said nation, to hold in trust for such
    Cherokee citizen as T. should designate. *Held*, That S. was
    not the owner of said premises and could not recover same from
    T. in an action of unlawful detainer.

4.  *Executed Contract—Validity Cannot be Questioned.*

    If before the execution of the alleged bill of sale from G. to S.,
    T. had paid G. for the improvements on the tract of land, the
    contract was an executed one, and S. cannot raise the question
    of the invalidity of the said sale.

5.  *Measure of Damages for Unlawful Detention of Property.*

    The measure of damages in a suit to recover possession of land
    is the rental value of the premises during the time a party has
    been kept out of possession.

6.  *Possession of Land Without Title.*

    One who is in possession of a tract of land without right or title
    has a superior right thereto to one who has no right or title
    and is not in possession.

Appeal from the United States court for the Northern
district.

WILLIAM M. SPRINGER, Judge.

Action of unlawful detainer by Daniel Sanders against William Thornton. Judgment for defendant. Plaintiff appeals. Affirmed.

On February 19, 1896, the plaintiff commenced this action, and alleges in his complaint that he was owner and entitled to the immediate possession of a farm and improvements, described in the complaint, of the value of $1,200; that on the —— day of ——, 188-, plaintiff leased to the defendant said farm and improvements for the term of six years, and defendant took possession under said lease; that on the —— day of ——, 1895, the term of said lease expired; that on January 3, 1896, plaintiff notified in writing, defendant of the expiration of the lease, and demanded possession. Defendant refused to vacate, and plaintiff asks judgment for possession, and $150 for damages for unlawful detention. Plaintiff gave bond, and, upon failure of defendant to give bond to retain possession, defendant was ejected March 26. 1896, and plaintiff placed in possession. February 3, 1897, defendant filed his answer, and denies that he ever entered into any lease with plaintiff for the premises; that he was in the peaceable and uninterruped possession of the premises for over three years before the action was brought; that when plaintiff took possession defendant had 10 acres of good wheat growing, of the value of $100; and that he has lost the rents by being dispossessed, which were worth $250; and prays judgment of restitution, and for $350 damages against plaintiff and his sureties; says he is not guilty of unlawfully detaining the premises sued for; denies he ever entered the premises under plaintiff, or that he ever recognized plaintiff as landlord. Defendant, on March 11, 1897, amends his answer by leave of the court, and says that the premises belong to Posey Gibson, a Cherokee freedman, now deceased; that Gibson, in his life-time entered into an

agreement with defendant that for $800, to be paid to Gibson by defendant, "the said Posey Gibson would sell and transfer to such citizen girl of the Cherokee Nation as this defendant might become married to, and at such time as this defendant should designate, a good and sufficient conveyance of said claim;" that, in pursuance of said agreement, defendant paid Gibson $800, and that, to better secure his rights, he procured Gibson to execute and deliver to the plaintiff a bill of sale of said place "with the understanding with the said Posey Gibson and the plaintiff in this case that he was to hold such bill of sale of the said place as trustee for the defendant, or such person as he should designate a conveyance to be made to, and the said plaintiff accepted and agreed to carry out said trust;" and that plaintiff paid nothing for said improvements, and now holds such bill of sale as trustee. On the same day, plaintiff, by reply, denies that he damaged defendant in the sum of $350, or any other sum. The case was tried by a jury, who returned a verdict for defendant. Plaintiff made motion for new trial, which was overruled by the court, judgment was entered upon the verdict, and plaintiff appealed to this court.

*Davenport & Dugger, W. H. Tibbils* and *Hutchings & West,* for appellant.

*D. H. Wilson* and *O. B. Denison,* for appellee.

TOWNSEND, J.. The appellant (plaintiff below) has assigned nine specifications of error, and has filed a brief of his argument. The defendant has filed no brief in the case. The first error assigned is that the court erred in not setting aside the verdict because it was contrary to the law, and the second error assigned is in not setting it aside because it was contrary to the evidence. The third error assigned is that the court erred in refusing to give the following instruction: "If the jury believe from the evidence that the de

fendant in this case is a citizen of the United States, then you will find for the plaintiff, as the defendant had no right to purchase or hold improvements on the public domain of the Cherokee Nation." The fourth, fifth, sixth, seventh, and eighth errors assigned are the giving certain instructions to the jury by the court, and the ninth error is that the court erred in not giving plaintiff a new trial.

An examination of the complaint and answer in this action shows that it is the statutory action of unlawful detainer, as provided in section 3348, Mansf. Dig., which is as follows: "Sec. 3348. When any person shall willfully and with force hold over any lands, tenements, or other possessions after the determination of the time for which they were demised or let to him, or shall lawfully and peaceably obtain possession, but shall hold the same unlawfully and by force, or shall fail or refuse to pay the rent therefor when due, and after demand made in writing for the delivery of possession thereof, by the person having the right to such possession, his agent or attorney, shall refuse to quit such possession, such person shall be deemed guilty of an unlawful detainer." This statute has been construed by the Supreme Court of Arkansas in a number of cases, and it is proper to see what that court has said about this statute, to ascertain if the case at bar comes within it. In Dortch vs Robinson, 31 Ark. 298, 299, the court say : "Under the law as it stood in Gould's Dig. c. 72, it was decided that an unlawful detainer would not lie on the right of possession merely, but the relation of landlord and tenant, express or implied, must exist between plaintiff and defendant to entitle the former to maintain this form of action against the latter. * * * Appellants attempted to maintain unlawfal detainer upon a mere alleged right of possession under the sheriff's deed; in other words, to make this form of action answer the purpose and scope of ejectment. * * * In this case the

complaint does not show that appellants were ever in pos-
session of the lands," etc.   In Necklace vs West, 33 Ark.
687, the court say :   "That the court below did not err in
giving instructions, upon the facts disclosed in evidence," as
follows :   Before the jury can find for the plaintiff, they
must find from the weight of the evidence that the defendant
was put in possession of the premises in question under a
contract, express or implied, to return possession at some
future time, and that defendant held the same over after the
expiration of said time, after lawful demand, in writing, of
defendant by plaintiff, for possession.   If such be not
proved, they will find for the defendant.   If you find from
the evidence that there was no contract between plaintiff and
defendant, either expressed or implied, by which the rela-
tion of landlord and tenant can be established, then you will
find for the defendant, and assess his damages at such sum
as you may believe, from the evidence, he is entitled to."   In
Johnson vs West, 41 Ark. 540, the court say :   "Unlawful
detainer is a remedy provided by statute for the benefit of
landlords against tenants who hold over after the expiration
of their terms.   It is founded on the breach of a contract,
implied by law, if not expressed, that the tenant shall restore
a permissive possession to the hands from which it was re-
ceived."   It will be observed that, while defendant denies
specifically every allegation of the complaint, and sets up in
his amendment to his answer that defendant purchased the
premises from one Posey Gibson for a consideration of $800,
and had the title made to the plaintiff, "with the under-
standing with the said Posey Gibson and the plaintiff in this
case that he was to hold such bill of sale of the said place as
trustee for the defendant, or such person as he should
designate a conveyance to be made to, and the said plaintiff
accepted and agreed to carry out said trust," the reply of the
plaintiff simply denies the damage alleged by defendant, but
does not deny the above allegation that he holds the title

(7)

simply as trustee for defendant or such person as defendant should designate that the conveyance be made to. The theory of the plaintiff is embodied in the third specification of error, supra; in other words, that because the defendant is a citizen of the United States, and prohibited by statute from owning any land in the Indian Territory, therefore the plaintiff, whose only title is that of a naked trustee, can recover the property as his own. We think this very doubtful, even in the Indian Territory, with its stringent prohibitions against the settling upon lands by citizens of the United States; but, be that as it may, it is unquestionably impossible for the plaintiff to assert such a title in the statutory action of unlawful detainer. We think the instructions of the court to which plaintiff objects in his fourth, fifth, sixth, seventh, and eighth assignments of error were substantially correct. They are as follows: "(4) The burden of the proof is upon the plaintiff to prove by the preponderance of the evidence that the defendant entered said premises and held the possession thereof under the plaintiff as his tenant, and that the time for which he was to hold such premises had expired before the beginning of this action. (5) The jury are further instructed that if you believe, from the evidence in the case, that the alleged bill of sale from Gibson to Sanders was procured to be made by Thornton, and he (Thornton) had purchased for another person, who should be a Cherokee citizen, the improvements from Gibson for the purpose of having the premises held for such person, then Sanders was not the owner of such place, and the bill of sale would not authorize Sanders to recover the place in this action. (6) If the jury find from the evidence that before the execution of the alleged bill of sale from Gibson to Sanders, Gibson had sold the improvements to Thornton for the person to be named by Thornton, and had received part of the purchase money, and had placed Thornton in possession of the improvements, then it was an executed contract so far as Sanders was con-

cerned, and the plaintiff cannot raise the question of the validity of such sale from Gibson to Thornton in this case. (7) If the jury find for the defendant in this case, you will assess his damages for the rental value of the premises during the time he has been kept out of possession thereof by the proceedings instituted against him by the plaintiff in this suit, and the time appears from the evidence. (8) The jury are instructed that, Thornton being the defendant, and having been in possession at the time this suit was instituted, the law recognizes possession as entitling a person to rights superior to any person who has no title and who was not in possession, and that the plaintiff cannot recover in this action unless he was entitled to the possession of the premises, and that depends upon the strength of his title as appears from the evidence in this case. He could not succeed in this suit unless he were entitled to possession, and that depends upon the evidence in this case." We are of the opinion that this was not an unlawful detainer action, and that the judgment of the court in overruling the motion for a new trial was correct, and it is therefore affirmed.

CLAYTON, J., concurs.